UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X

GUOMEI HUANG,

Plaintiff,

-v-

MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; and JOSEPH B. EDLOW, Director of the United States Citizenship and Immigration Services,

Defendants.

---------------------------------------- X

26cv7229 (DLC)

MEMORANDUM OPINION AND ORDER

APPEARANCES:

For plaintiff Guomei Huang:
Meer Md. Mizanur Rahman
305 Broadway, Suite 610
New York, NY 10007

For defendants Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; and Joseph B. Edlow, Director of the United States Citizenship and Immigration Services:

Leslie A. Ramirez-Fisher
United States Attorney's Office
Southern District of New York
86 Chambers Street, 3rd Floor
New York, NY 10007

DENISE COTE, District Judge:

Guomei Huang has filed a motion for a temporary restraining order ("TRO"). Huang has not been detained but is subject to a final order of removal. He requests that the Government be restrained from removing him from the United States while Huang

litigates in this action his claim that on June 5, 2026, the United States Citizenship and Immigration Services ("USCIS") wrongfully adjudicated a motion in connection with his effort to adjust his status to lawful permanent resident. For the following reasons, the motion for a temporary restraining order is denied.

When Huang, a citizen of China, arrived in this country in 1999 immigration officers paroled him into the United States. He is married to a lawful permanent resident and has two children who are United States citizens.

Huang applied for asylum in 2000, the application was denied, and an Immigration Judge ordered his removal in 2001. Huang's appeal from that order was dismissed in 2004. After his motion for reconsideration of the order of removal was denied in 2012, he became subject to a final removal order.

In August of 2025, Huang's daughter filed a Form I-130 Petition for Alien Relative with USCIS to assist her father with his application to become a lawful permanent resident, and Huang filed a Form I-485 to adjust his status to that of a lawful permanent resident. USCIS denied Huang's petition on April 23, 2026. Huang timely filed a Form I-290B as a motion to reconsider his application for adjustment of status.

On June 5, 2026, USCIS denied the motion ("June 2026 Denial"). The notice of decision explained that it concerned Huang's Form I-290B, which had been filed "as a motion to reopen and/or reconsider the decision on your Form I-485." It recited regulations that apply to a motion to reopen and regulations that apply to a motion to reconsider. In its body, under the heading "Motion to Reopen", it explained why Huang's motion did not establish that the denial of his "petition or application was incorrect."

Huang filed this action on August 24, 2026. He challenges the June 2026 Denial as arbitrary and capricious under the Administrative Procedure Act ("APA"). Mr. Huang filed this emergency motion on August 25, to prevent his removal while he litigates his APA claim.

This action, in effect, anticipates and challenges an order of removal. As the Government correctly argues, district courts lack subject matter jurisdiction over not only this motion but also this action.

Congress deprived district courts of jurisdiction over any claim arising from the decision by the Secretary of Homeland Security to "execute removal orders against any alien". 8 U.S.C. § 1252(g). Nor does subject matter jurisdiction exist where an APA claim is "inextricably linked" to a challenge to a

removal order. Delgado v. Quarantillo, 643 F.3d 52, 55-56 (2d Cir. 2011). Only an appropriate court of appeals may review "claims or questions of law" related to the USCIS denial of an application for adjustment of status. Xia v. Bondi, 137 F.4th 85, 93 (2d Cir. 2025). In contrast, a district court may have jurisdiction where a petitioner brings a constitutional claim challenging an arrest and detention. Ozturk v. Hyde, 136 F.4th 382, 397 (2d Cir. 2025).

This established precedent governs this motion for a TRO. This Court has no jurisdiction over this action, including Huang's request for a TRO. Huang fears that the Government may act to remove him and seeks through this litigation an order restricting its ability to do so. District courts have no jurisdiction to issue orders restricting Government action in that way. Nor do district courts have jurisdiction to review the lawfulness of the June 2026 Denial, whether under the APA or any other federal statute. Additionally, Huang's application for injunctive relief must be denied as speculative. See Gov't Emps. Ins. Co. v. Patel, 166 F.4th 280, 291 (2d Cir. 2026) (injury must be actual and imminent). For example, Huang does not assert that he has received a detention notice or that any recent enforcement action has been taken against him.

Accordingly, Huang's August 25 motion for a temporary restraining order is denied for lack of subject matter jurisdiction.

Dated: New York, New York
October 1, 2026

DENISE COTE
United States District Judge